# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL J. JANKOWSKI,**

    Plaintiff,

    v.                                                         **Case No. 18-CV-849**

**HOUSING AND URBAN DEVELOPMENT, and HACM,**

    Defendants.

## RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

Michael J. Jankowski filed this action without the assistance of counsel on June 4, 2018. Pro Se Complaint, ECF No. 1. The matter was randomly assigned to this Court, and Mr. Jankowski consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a Magistrate Judge, ECF No. 4 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)). Mr. Jankowski also asked to proceed without prepaying the filing fee. Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2. For the reasons that follow, the Court finds that Mr. Jankowski's complete fails to state a claim upon which relief may be granted. The Court will therefore recommend that this action be dismissed and that Mr. Jankowski's request to proceed without prepaying the filing fee be denied as moot.

Mr. Jankowski did not use the Court's forms for his complaint or his request to proceed without prepayment of the filing fee. Although the complaint is difficult

to read, Mr. Jankowski is challenging a policy that prohibits smoking in certain apartments owned, operated, or subsidized by the United States Department of Housing and Urban Development and the Housing Authority of the City of Milwaukee. ECF No. 1. Mr. Jankowski suggests that the non-smoking policy is bad public policy and denies the human rights of smokers. *Id.* at 1. He further argues that the non-smoking policy is counterproductive, that fines and evictions would create more human rights abuse, and that singling Mr. Jankowski out for bringing this suit would constitute elder abuse. *Id.* at 2-3. He believes that even if Congress passed a law codifying this policy, it would still be "human rights unconstitutional." *Id.* at 2. Mr. Jankowski indicates that he has nowhere reasonably to go if he is no longer able to live in his current apartment. *Id.* at 3.

The primary problem with Mr. Jankowski's complaint is that there is no constitutional right to smoke, in your own apartment or anywhere else. Federal circuit and district courts have consistently found that cigarette smoking is not a fundamental right and upheld smoking bans and restrictions in a wide range of public settings and institutions. *See Gallagher v. Clayton*, 699 F.3d 1013, 1017-18 (8th Cir. 2012); *Steele v. County of Beltrami*, 238 Fed.Appx. 180, 181 (8th Cir. 2007) (collecting cases).

In *Beauchamp v. Sullivan*, 21 F.3d 789, 790-91 (7th Cir. 1994), the Seventh Circuit confirmed that there is no federal constitutional right to smoke while detained in government facilities. In *Thiel v. Nelson*, 422 F.Supp. 1024, 1029-30 (W.D. Wis. 2006), a judge in the Western District of Wisconsin called *Beauchamp*

2

"just one of an avalanche of cases in which federal courts have rejected constitutional challenges to smoking restrictions in prisons."

In *Steele*, the Eighth Circuit concluded that a county ordinance prohibiting smoking in public places and places of work did not violate the Fourth, Fifth, Ninth, or Fourteenth Amendments of the Constitution because there was no constitutional right to smoke or to control smoking on premises that were open to the public. *Steele*, 238 Fed. Appx. At 181-82. Likewise, in Texas, "it is clear that there is no constitutional right to smoke in a public place." *Roark & Hardee L.P. v. City of Austin*, 394 F.Supp.2d 911, 918 (W.D. Tex. 2005) (citing *Rohde v. City of Austin*, 124 Fed.Appx. 246 (5th Cir. 2005)).

Because there is no fundamental right to smoke cigarettes, a policy prohibiting smoking does not violate Mr. Jankowski's constitutional rights. Accordingly, the Court finds that this action must be dismissed for failure to state a claim. *See* 1915(e)(2). The matter therefore will be referred to a district judge for review of my recommendations that: (1) this action be dismissed for failure to state a claim; (2) Mr. Jankowski's request for leave to proceed without prepaying the filing fee be denied as moot; and (3) the Clerk of Court enter judgment accordingly. The Court will also recommend that Mr. Jankowski's Motion for Cease and Desist Order, ECF No. 5, be denied.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Mr. Jankowski's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, ECF No. 2, be **DENIED as moot**.

**IT IS FURTHER RECOMMENDED** that Mr. Jankowski's Motion for Cease and Desist Order, ECF No. 5, be **DENIED**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court enter judgment that Mr. Jankowski shall take nothing from the Complaint.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2018.

                                **BY THE COURT:**

                                *s/David E. Jones*
                                DAVID E. JONES
                                United States Magistrate Judge