UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL J. JANKOWSKI,

        Plaintiff,

v.                                                               Case No. 18-cv-849-pp

HOUSING AND URBAN DEVELOPMENT, *et al.*,

        Defendants.

---

**ORDER ADOPTING RECOMMENDATION (DKT. NO. 6), DENYING MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE AS MOOT (DKT. NO. 2), DENYING THE PLAINTIFF'S MOTION FOR A CEASE-AND-DESIST ORDER (DKT. NO. 5) AND DISMISSING CASE**

---

### I.    Background

On June 4, 2018, the plaintiff, who is representing himself, filed a complaint against the U.S. Department of Housing and Urban Development. Dkt. No. 1. He also filed a motion to proceed in court without prepayment of a filing fee. Dkt. No. 2. On June 13, 2018, the plaintiff filed a "motion for cease and desist order," and attached a "48-Hour Notice" from the Housing Authority of the City of Milwaukee. Dkt. Nos. 5, 5-1. The clerk's office randomly assigned the case to Magistrate Judge David. E. Jones.

### II.    Report and Recommendation

On June 29, 2018, Judge Jones issued a recommendation that this court dismiss the plaintiff's complaint without prejudice for failure to state a claim. Dkt. No. 6. Judge Jones commented that "[the plaintiff] is challenging a policy that prohibits smoking in certain apartments owned, operated, or subsidized by the United States Department of Housing and Urban Development and the

1

Housing Authority of the City of Milwaukee." Id. at 2. Judge Jones explained that the plaintiff does not have a fundamental right to smoke cigarettes. Id. (citing Beauchamp v. Sullivan, 21 F.3d 789, 790-91 (7th Cir. 1994) (no federal constitutional right to smoke while detained in government facilities); Gallagher v. Clayton, 699 F.3d 1013, 1017-18 (8th Cir. 2012) (smoking not part of an existing fundamental right to bodily integrity), Steele v. County of Beltrami, 238 F. App'x 180, 181 (8th Cir. 2007) (commenting that "several state and municipal smoking regulations have survived similar challenges under the Fourth, Fifth, and Fourteenth Amendments.")).

Because the plaintiff does not have a constitutional right to smoke cigarettes, Judge Jones found that the plaintiff could not sustain a claim that a no-smoking policy violated his constitutional rights. Dkt. No. 6 at 3. Accordingly, he recommended that this court dismiss the case for failure to state a claim, deny the plaintiff's motion for leave to proceed without prepaying the filing fee as moot and deny the plaintiff's motion for a cease and desist order. Id. at 3. He concluded by instructing the plaintiff that he must file any objections to the recommendation within fourteen days. Id. at 4.

### III. Analysis

Although Judge Jones advised the plaintiff that he could object to the recommendation, the plaintiff has not done so. Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the plaintiff has not filed an objection, the court needs only to decide whether Judge Jones's recommendation is clearly erroneous. The court concludes that it is not.

2

The plaintiff says that the no-smoking policy deprives him of his human rights. Dkt. No. 1 at 1, 3. This court has the authority to hold government actors liable for violating a person's *constitutional* rights, but as Judge Jones correctly concluded, the Constitution does not give a person the right to smoke. Because there is no constitutional right to smoke, there is no relief that this court can provide the plaintiff. He has not stated a federal claim, and the court must dismiss his case.

IV. **Conclusion**

The court **ADOPTS** Judge Jones's report and recommendation. Dkt. No. 6.

The court **DENIES AS MOOT** the plaintiff's request to proceed in district court without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for a cease-and-desist order. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**